IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Robert W. Petrone, | Case No. 5:13 CV 2187 |
| Petitioner, | ORDER ADOPTING<br>REPORT AND RECOMMENDATION |
| -vs- | |
| Jason Bunting, | JUDGE JACK ZOUHARY |
| Respondent. | |

## INTRODUCTION

Robert Petrone, by and through counsel, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 asserting four grounds for relief (Doc. 1-1). The case was referred to Magistrate Judge Greg White for a Report and Recommendation ("R&R"). The State, through Respondent Warden Jason Bunting, filed a Return of Writ (Doc. 17) and Petrone filed a Traverse (Doc. 21). Judge White recommended this Court dismiss the Petition (Doc. 22), and Petrone timely objected (Doc. 24). Accordingly, this Court has reviewed *de novo* those portions of the R&R challenged in the Objection. *See* 28 U.S.C. § 636(b)(1); *Hill v. Duriron Co.*, 656 F.2d 1208, 1213 (6th Cir. 1981).

## BACKGROUND

Petrone initially objects to the R&R's reliance on the facts from *State v. Petrone* (*Petrone II*), 2012-Ohio-911 (Ct. App.). Petrone claims the factual recitation from a later decision, *State v. Petrone* (*Petrone III*), 2014-Ohio-3395 (Ct. App.), "is more comprehensive and therefore more accurate" (Doc. 24 at 2). Petrone presents specific distinctions between the two sets of facts and alleges even *Petrone III* omits several important facts. However, these alleged omissions do not affect the analysis of the claims. Findings of fact by state courts are presumed to be correct, *see* 28 U.S.C. § 2254(e)(1), and "[f]ederal courts are not forums in which to relitigate state trials," *Autry v. Estelle*, 464 U.S. 1,

3 (1983). Petrone fails to rebut this presumption with clear and convincing evidence, as he cites only trial testimony he claims the state appellate court should have weighed more heavily in his favor. *See* 28 U.S.C. § 2254(e)(1). Therefore, this Court incorporates the facts set forth in the R&R by reference (Doc. 22 at 2–4) and briefly sets forth the timeline of his state appeals.

An Ohio jury convicted Petrone of felonious assault with a firearm specification. The jury acquitted him, however, of attempted murder. Petrone appealed his conviction first to the Ohio Court of Appeals, and later to the Ohio Supreme Court. The Ohio Supreme Court denied leave to appeal in July 2012 (Doc. 22 at 5–6).

While his direct appeal was pending, Petrone filed the first of three delayed motions for new trial. The trial court denied the first motion as untimely. The appellate court affirmed the trial court's judgment, and the Ohio Supreme Court declined to accept jurisdiction of the appeal (*id.* at 6–7).

The trial court also denied the second and third delayed motions for new trial. The Ohio Court of Appeals affirmed the trial court's judgment on the two remaining motions. The Ohio Supreme Court declined to accept jurisdiction of both appeals (*id.* at 7–8). Petrone then filed this Petition.

## DISCUSSION

The Petition raises four grounds for relief. The R&R recommends dismissing the claims as procedurally defaulted. A petitioner's procedurally defaulted claims may be excused by a showing of "cause" for the procedural default and "actual prejudice" from the alleged error. *See Maupin v. Smith*, 785 F.2d 135, 138-39 (6th Cir. 1986). Proving cause requires Petitioner to show an "'objective factor external to the defense impeded counsel's efforts to comply' with the state procedural rule." *Franklin v. Anderson*, 434 F.3d 412, 417 (6th Cir. 2006) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Meanwhile, "[d]emonstrating prejudice requires showing that the trial was infected with constitutional error." *Id.*

Most of Petrone's Objection is reprinted verbatim from his Traverse, and thus fails to engage the R&R's analysis with specific rebuttals. In fact, Petrone cites the R&R only once in his thirty-seven-page filing (Doc. 24 at 35), focusing on the R&R's discussion of Petrone's *Brady* claim. Rather than dispute the R&R's thorough procedural-default analysis, however, Petrone merely claims the external factors required to prove cause "have been extensively detailed" (Doc. 24 at 35). He also asserts he has shown "actual prejudice" because the outcome "would have been completely different" if he received a fair trial (*id.*). In short, Petrone attempts to show cause and prejudice by reproducing the same arguments from the Traverse that the R&R considered and rejected. In the same vein, he completely ignores the R&R's alternative analysis finding that his *Brady* claim lacks merit.

By failing to grapple with the R&R in any meaningful way, Petrone arguably waived *de novo* review by this Court. *See, e.g.*, *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object."). But even under *de novo* review, the Objection provides no persuasive justification to depart from the R&R's accurate analysis.

## CONCLUSION

For the forgoing reasons, this Court overrules Petrone's Objection (Doc. 24) and adopts the R&R (Doc. 22). This Court dismisses Petrone's Petition. Further, this Court certifies an appeal from this decision could not be taken in good faith and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

   s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

January 27, 2016